Clarence R. DAY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 15208.

United States Court of Appeals District of Columbia Circuit.

Argued May 4, 1960.

Decided June 30, 1960.

Mr. Herbert O. Reid, Washington, D. C. (appointed by this court), for appellant.

Mr. Maurice R. Dunie, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PHILLIPS, Senior United States Circuit Judge for the Tenth Circuit,* and WILBUR K. MILLER and DANAHER, Circuit Judges.

PER CURIAM.

Indicted in six counts for housebreakings and larcenies, the appellant was convicted January 22, 1958, by the court after a trial without a jury, under one count of housebreaking and one of grand larceny. The Government dismissed two

* Sitting by designation pursuant to Sec. 294(d), Title 28 U.S.C.

counts before trial and the other two were dismissed by the court.

Treating a seasonably filed affidavit prepared by the appellant himself as a notice of appeal, this court entered an order May 11, 1959, allowing Day to proceed in forma pauperis with the appeal which had been so noticed.

■ The first complaint is that appellant was arrested without a warrant and without probable cause. Before the arrest, the officers knew Day's fingerprints had been found at the scene of one of the housebreakings, and that a radio stolen from the premises, positively identified by serial number when found in a pawnshop, had been pawned there by C. R. Day. The appellant's name is Clarence R. Day. In view of these facts, there was probable cause for appellant's arrest.

■ It is also urged, as a ground for reversal, that the conviction "was based upon evidence both physical and oral gained as a result of and pursuant to the purpose of an illegal detention." Informed of the discovery of his fingerprints at the scene of the housebreaking and the recovery of the stolen radio, appellant confessed to that housebreaking and larceny within ten minutes after his arrest. The confession, made in the officers' car while en route to police headquarters, was voluntary and did not violate Rule 5(a) of the Federal Rules of Criminal Procedure, 18 U.S.C. Whether there was illegal detention *after* the confession is immaterial. United States v. Mitchell, 1944, 322 U.S. 65, 64 S.Ct. 896, 88 L.Ed. 1140.

■ With respect to counts of the indictment which charged another housebreaking and larceny, the Government's case depended upon the introduction of certain allegedly stolen articles found in a search of appellant's room. The District Court held the search and seizure invalid, and dismissed the counts which accused appellant of that particular breaking and larceny. Day argues that this requires reversal of his conviction for the housebreaking in which the larceny of the radio took place. We cannot

agree. The suppressed articles were not used in support of the charges under which he was convicted.

Affirmed.